# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON L. BROWN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 19-CV-1533<br>: |
| SMITH AND SOLOMON<br>COMMERCIAL DRIVER TRAINING,<br>*et al.*,<br>    Defendants. | :<br>:<br>:<br>: |

## MEMORANDUM

TUCKER, J.                                                                                            APRIL 16, 2019

      Plaintiff Jason L. Brown, a regular litigant in this Court who is representing himself (proceeding *pro se*), filed this civil action against "Smith and Solomon Commercial Driver Training (Philadelphia)," "PA Career Link Suburban Station," and "PennDot Driver and Vehicle Services." Brown seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    FACTS

      Brown's Complaint is sparse. His claims appear to relate to his dissatisfaction with a program he entered to obtain his commercial driver's license. Brown alleges that he

> was forced to participate in an educational training program other than [he] desired. [He] was manipulated to choose a training program of more monetary value. [He] was also tested improperly and placed in unsafe conditions while being trained. [He] was not given a chance to test properly.

(Compl. at 7.)[1] Brown alleges that the school he chose—presumably Smith and Solomon Commercial Driver Training, although he does not say as much—"should be considered unnacceptable [sic] for training." (*Id.*) He does not further elaborate.

Based on those allegations, Brown filed this civil action seeking $750,000 in damages from each Defendant, apparently to compensate for "mental suffering" and "conspiracy against [his] rights to receive training of choice and obtain a professional license." (*Id.* at 8.) He cited as the basis for his claims: (1) 18 U.S.C. §§ 241-42, which criminalize civil rights violations; (2) 49 U.S.C. § 31302, which governs commercial licenses; and (3) 49 U.S.C. § 31503, which concerns motor carrier safety. He attached to his Complaint a Commercial Driver's Manual issued by the Pennsylvania Department of Transportation that explains the process for commercial license testing. A notation Brown made on the manual suggests that he failed his test.

## II. STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Brown's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

statements[] do not suffice." *Id.* As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

As Brown has been informed in prior cases, criminal statutes such as 18 U.S.C. §§ 241 and 242 generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. Progressive Specialty Ins. Co.*, No. CV 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), *aff'd*, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019); *see also Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."). Additionally, nothing suggests that Congress intended to create a private cause of action under the other statutes Brown cited to support his

3

claims, 49 U.S.C. § 31302, which speaks to commercial licenses, and 49 U.S.C. § 31503, which gives the Secretary of Transportation authority to investigate and report on certain vehicular matters. *See Mahan v. Huber*, No. 09-CV-00098-PAB-BNB, 2010 WL 749815, at *7 (D. Colo. Mar. 2, 2010) ("The plaintiff does not have a private right of action under section 31302."); *see generally Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh*, 382 F.3d 412, 421 (3d Cir. 2004) ("Congress's intent in enacting a statute is always the 'focal point' in determining whether courts should infer a private right of action from the statute.").

In any event, Brown's failure to allege any facts describing what each Defendant did or did not do to cause him harm fails to put the Defendants on notice of the claims against them and likewise fails to support any cognizable claims. The Court cannot discern any clear, plausible basis for a claim from the Complaint as it is pled. In sum, Brown has failed to state any factual or legal basis for a claim or comply with Rule 8.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint. This dismissal will be without prejudice to Brown's right to file an amended complaint within thirty (30) days in the event he can state a clear, plausible basis for a claim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**

4