# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1533 |
| | : | |
| SMITH AND SOLOMON | : | |
| COMMERCIAL DRIVER TRAINING, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**TUCKER, J.**                                                                                                                             **MAY 28th, 2019**

    Plaintiff Jason L. Brown, a regular litigant in this Court who is representing himself (proceeding *pro se*), filed this civil action against "Smith and Solomon Commercial Driver Training (Philadelphia)," "PA Career Link Suburban Station," and "PennDot Driver and Vehicle Services." In a Memorandum and Order entered on the docket April 16, 2019, the Court granted Brown leave to proceed *in forma pauperis* and dismissed his Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim. (ECF Nos. 4 & 5.) Brown was given leave to file an amended complaint.

    Brown returned with an Amended Complaint naming the same parties and attaching exhibits in support of his Amended Complaint. (ECF No. 6 & 8.) He also filed numerous Motions. (ECF Nos. 7, 9, 10 & 11.) For the following reasons, the Court will dismiss the Amended Complaint for failure to state a claim and deny Brown's Motions.

## I.    FACTS AND PROCEDURAL HISTORY

    Brown's initial Complaint was sparse and appeared to relate his dissatisfaction with a training program in which he participated to obtain a commercial driver's license. He cited as

the bases for his claims: (1) 18 U.S.C. §§ 241-42, which criminalize civil rights violations; (2) 49 U.S.C. § 31302, which governs commercial licenses; and (3) 49 U.S.C. § 31503, which concerns motor carrier safety. He attached to his Complaint a Commercial Driver's Manual issued by the Pennsylvania Department of Transportation that explains the process for commercial license testing. A notation Brown made on the manual suggested that he failed his test. The Court dismissed Brown's initial Complaint because it failed to allege any facts describing what each Defendant did or did not do to cause Brown harm and because the statutes cited by Brown did not give rise to a private cause of action.

The Amended Complaint names the same three Defendants as the initial Complaint—Smith and Solomon Commercial Driver Training ("Smith and Solomon"), PA CareerLink Suburban Station ("CareerLink"), and PennDOT Driver and Vehicle Services ("PennDOT"). According to Brown's exhibits, CareerLink "is part of the Pennsylvania Department of Labor & Industry's initiative to transform the landscape of how job-seekers find family sustaining jobs and how employers find the skilled candidates that they need." (ECF No. 8 at 16.) Brown alleges that he received funding from CareerLink under the WIOA Program—apparently a reference to the Workforce Innovation and Opportunity Act—for training from Smith and Solomon to receive his commercial driver's license. Brown trained with Smith and Solomon but failed his test. This lawsuit ensued.

The gist of Brown's allegations is that the Defendants conspired against him to deprive him of a commercial driver's license in violation of his First Amendment right to free speech and free expression. Brown alleges that CareerLink did not run its program well, did not give him good career advice, and pressured him to participate in a training that was "worth more monetary value" to Smith and Solomon. (Am. Compl. at 5.) Brown suggests that Smith and Solomon

2

acted improperly by training him without having the ability to properly test him. Although unclear, it appears that Brown took his test with a "third party tester" and failed.

Brown indicates that he failed his commercial driver's license test through no fault of his own, but rather due to mechanical problems with the vehicle in which he was testing. Brown states that

> The vehicle had clutch and transmissions problems, to the point it would not go into **any** gear when [Brown] reached a certain point in the portion of the road test; the clutch and transmission had to be reset. The vehicle had to be stopped, restarted and the third party tester then issued the automatic failure. This type of failure prevented [Brown] from retesting with the training provider on the retesting date because the previous testing [he] encountered established mechanical problem. It created a foul feeling towards the training provider.

(*Id.* (emphasis in original).) Brown suggests that the PennDOT manual does not explain "why an applicant may be automatically failed" in circumstances such as his. (*Id.* at 6.) He suggests that Smith and Solomon is responsible for his failure by providing him with a faulty vehicle for his test and/or failing to maintain its vehicles.

Brown seeks monetary damages for an alleged conspiracy to violate his First Amendment rights. Brown also filed a Motion seeking to vacate the dismissal of his initial complaint (ECF No. 7), which essentially repeats the allegations in the Amended Complaint as a basis for granting his Motion, as well as Motions requesting service of process, discovery, and a writ of sequestration. (ECF Nos. 9-11.)

## II. STANDARD OF REVIEW

As Brown is proceeding *in forma pauperis*, his Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is

3

"based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Because of the numerous references to the First Amendment, the Court construes Brown's Amended Complaint as raising claims pursuant to 42 U.S.C. § 1983 for violation of his First Amendment rights.[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

States and their agencies are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that

---

[1] Brown repeatedly cites 18 U.S.C. §§ 241 and 242 even though he has been informed that those statutes do not give rise to civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), *aff'd*, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019); *see also Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez.").

4

immunity. *Id.* The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). As PennDOT is a department of the Commonwealth of Pennsylvania, it is not susceptible to suit under § 1983. *Nails v. Pennsylvania Dep't of Transp.*, 414 F. App'x 452, 455 (3d Cir. 2011) (per curiam) ("Nails' civil rights action against the state Department of Transportation is barred by the Eleventh Amendment because Pennsylvania has not consented to suit in federal court"). Furthermore, CareerLink is a program run by the Commonwealth; it is not a legal entity and, accordingly, not a state actor subject to suit under § 1983. *See Donahue v. Hazleton Career Link*, Civ. A. No. 3:13-1285, 2013 WL 3944189, at *2 (M.D. Pa. July 30, 2013) (explaining that Career Link is not an entity subject to suit under § 1983).

The Amended Complaint also fails to plausibly allege that Smith and Solomon is a state actor. Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, Smith and Solomon, a private company, provided Brown training. The fact that Brown participated in that training by virtue of

5

state career-related resources and the fact that he was required to take a test subject to state requirements does not transform Smith and Solomon into a state actor.

Brown has also failed to allege a conspiracy. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Here, Brown has not alleged anything beyond a bare assertion of conspiracy. His factual allegations do not plausibly suggest that the Defendants reached an agreement at all, let alone an agreement to violate his constitutional rights.

Furthermore, the Court cannot discern any plausible basis for a First Amendment violation. Setting aside Brown's conclusory allegations, none of the facts underlying his claims plausibly suggest that any of the Defendants unlawfully infringed on his freedom of speech or freedom of expression in a manner that violated the First Amendment. Nor does Brown's Amended Complaint suggest any other plausible basis for a constitutional violation. *Cf. Abuhouran v. Soc. Sec. Admin.*, 291 F. App'x 469, 473 (3d Cir. 2008) (per curiam) ("Abuhouran does not allege the denial of a protected liberty or property interest, nor does the denial of a driver's license implicate the right to interstate travel."); *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) ("Miller does not have a fundamental 'right to drive.'"). Accordingly, the Court will dismiss Brown's civil rights claims. If Brown is attempting to bring claims under state law, those claims are dismissed for lack of subject matter jurisdiction, as there is no basis for jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are not diverse.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Brown's Amended Complaint. Brown will not be given leave to amend, as it appears that further attempts to amend would be futile. As there is no basis for vacating this Court's earlier judgment or for granting Brown the relief he requests, his pending Motions will be denied. An appropriate Order follows.

**BY THE COURT:**

**PETRESE B. TUCKER, J.**